IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

LILLIE MAE BODDIE,  ]
  ]
   Petitioner,  ]
  ]
v.  ]  CV-02-BE-1523-NW
  ]
PRESIDENT GEORGE W. BUSH,  ]
THE UNITED STATE OF AMERICA,  ]
  ]
   Respondents.  ]

## MEMORANDUM OF OPINION

On August 26, 2002 Ms. Boddie, the petitioner, filed objections to the Magistrate Judge's Findings and Recommendation. With respect to petitioner's objection that the court did not address this case as a civil action other than a petition for writ of habeas corpus, this objection is without merit. Ms. Boddie repeatedly referred to her action as a petition for writ of habeas corpus. (Documents #1, #3, and #4). In addition, Ms. Boddie paid a $5.00 filing fee required in habeas actions rather than the $150.00 filing fee required in other civil actions. Ms. Boddie was also advised by order of the magistrate judge that if she wished to file a civil action rather than a habeas petition, she should file a separate civil action and pay the $150.00 filing fee or file a request to proceed in forma pauperis. (Document #2).

To the extent that Ms. Boddie implies the magistrate judge should have recused himself from this case, this contention lacks merit. The undersigned judge knows that the magistrate judge is not Jewish, is not married to a black female, labors under no conflict of interest, and is capable of objectivity in this case. Nothing in the magistrate judge's recommendation reflects

any bias against the petitioner, or any lack of objectivity. Therefore, no ground exists for the magistrate judge to have recused himself.

With respect to Ms. Boddie's objection concerning the caption, she is correct that the proper division is the Northwestern Division rather than the Southern and that the proper respondents are President George W. Bush and the United States of America. These clerical errors in the caption do not necessitate setting aside the Magistrate Judge's Findings and Recommendation.

After consideration of the remaining objections, the court concludes that the objections are due to be overruled. The court does not doubt that the petitioner may have been mistreated by various people and entities throughout her life. However, none of the allegations contained in her various submissions support a claim for habeas corpus relief. The legal requirement remains that, to state a claim for habeas corpus relief, the petitioner must be in custody. See 28 U.S.C. §§ 2241, 2254 and 2255. Petitioner's allegations of economic or emotional restraint do not legally suffice to state a claim for habeas corpus.

DONE and ORDERED this 13th day of September, 2002.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE